## 11447

### BERRY v. MARION COUNTY LUMBER CORPORATION

#### (121 S. E., 794)

LOGS AND LOGGING—REASONABLE TIME WITHIN WHICH PURCHASER MUST COMMENCE CUTTING NOT EXTENDED BY PAYMENT OF INTEREST.— Under a deed conveying the timber on lands and providing that purchaser has 10 years from the date it commences cutting to cut and remove the timber, and, if at the end of that time purchaser has not removed it, by payment of 6 per cent of the purchase price, purchaser can have 10 years longer to remove the timber, *held* that the right to cut the timber is forfeited unless purchaser or its assigns begin to cut the timber within a reasonable time, and the payment of interest will not extend the time within which cutting must commence.

Before SHIPP, J., Dillon, January, 1923. Affirmed.

Action by Tommie M. Berry against the Marion County Lumber Corporation. Judgment for plaintiff and defendant appeals.

*Messrs. M. C. Woods and Henry E. Davis,* for appellant cite: *Forfeiture:* 89 S. C., 328; 114 S. C., 501; 102 S.C., 289; Minshew's Case 89 S. C.; McSwain's Case 96 S. C. *Avoidance of forfeiture by payment of interest:* 107 S. C. 147. *Period of extension:* 97 S. C., 247.

*Messrs. N. B. Hargrove and Henry Buck,* for respondent, cite: *Notice not necessary:* 108 S. C., 108. *Grantee's option to extend contract without authority:* 102 S. C., 289; 258 Fed., 990; 235 U. S., 685. *Circuit Judge's findng of fact will be sustained on appeal if not manifestly wrong:* 114 S. C., 186; 116 S. C., 1; 115 S. C., 452.

NOTE—On effect of expiration of time for removal of timber, see note in 47 L. R. A. (N. S.), 882.

On construction and effect of provision for extension of time fixed by lease or sale as extending time for removal of standing timber, see note in 34 L. R. A. (N. S.). 615.

On rights of partis to a timber contract upon failure of purchaser to remove timber within the time fixed or within a reasonable time, see note in 15 A. L. R., 41.

· March 14, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant states its case as follows:

"On the —— day of January, 1899, Elisha Bethea, who then owned in fee the premises on which the timber involved in this litigation is located, conveyed to Cape Fear Lumber Company the timber in question, together with the usual licenses and easements necessary for removal. By successive conveyances, title to the fee became vested in the plaintiff; by like conveyances, the title to the timber became vested in the defendant.

"The deed whereunder Cape Fear Lumber Company acquired title to the timber from Elisha Bethea contained the following time clause for the cutting and the removal of the timber, to wit: 'The said Cape Fear Lumber Company to have 10 years from time they commence cutting our timber to cut and remove said timber, and if at the end of that time they haven't removed said timber, then by payment of 6 per cent. Upon the purchase price they can have 10 years longer time to remove same.'

"Alleging that defendant did not commence 'to cut and remove the said timber, until on or about the —— day of December, 1915,' and that 'a reasonable time for the commencement of the cutting and removing of said timber has since expired, and had expired long before the entry of the defendants,' and that the defendants 'have forfeited and lost all right, title and interest, etc.,' and 'that the same by operation of law reverted to the plaintiff,' the plaintiff came into court and sought to permanently enjoin the defendant from exercising any of the rights under the Elisha Bethea conveyance. In short, plaintiff seeks a forfeiture of the timber under what is now well-settled doctrine in this jurisdiction of failure to commence to cut within a reasonable time."

I. The point in this case is in exception 2:

"(2)  Because his Honor erred, it is respectfully submitted, in holding that the tender of interest under the extension clause of the contract, within a reasonable time from the date of the contract, will not dispense with the necessity, of commencing to cut and avoid a forfeiture, in that in so doing his Honor, of necessity, eliminated from the contract a covenant entered into between the parties and substituted a new contract, a creation of the court, in lieu thereof."

This court has held in many cases that the vendee and its assigns must begin to cut in a reasonable time from the date of the deed. The right to cut is forfeited by a failure to commence to cut within a reasonable time. There is no provision for an extension of the time to commence to cut by the payment of interest. The tender of interest does not extend the time to commence to cut. The tender of interest before commencing to cut did not avoid the forfeiture.

II. The second question does not arise. The tender of interest was definitely provided for, and the reasonable time does not apply.

The judgment appealed from is affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur.

MR. JUSTICE COTHRAN, (dissenting): Action to declare a certain timber contract forfeited and for injunction and damages. Decree for the plaintiff; the defendant appeals.

The facts of the case, as to which there is practically no controversy, are as follows:

On the —— day of January, 1899, one Elisha Bethea, predecessor in title of the plaintiff, Mrs. Berry, executed and delivered, in consideration of the sum of $350, a formal deed, attested by two witnesses, with renunciation of dower, by which he conveyed *in præsenti,* to Cape Fear Lumber Company, predecessor in title of the defendant,

Marion County Lumber Corporation, all of the timber upon a certain tract of land in Marion County, belonging to him, containing 500 acres, particularly described. This deed contained in the granting clause, the following provisions:

"The said Cape Fear Lumber Company to have 10 years from the time they commence cutting our timber to cut and remove said timber, and if at the end of that time they haven't removed said timber, then by payment of 6 per cent. upon the purchase price, they can have 10 years longer to cut the same."

The Cape Fear Lumber Company made no entry upon land for the purpose of cutting the timber while they held the title thereto. In August, 1904, they conveyed their rights under the deed to the defendant, Marion County Lumber Corporation.

On December 16, 1913, the Marion Lumber Corporation, having in the meantime, that is between August, 1904, when they acquired the property, and December 16, 1913, made no entry upon the land for the purpose of cutting the timber, tendered to the plaintiff, Mrs. Berry, 6 per cent. upon the orignal purchase price as fixed in the deed from Elisha Bethea to Cape Fear Lumber Company, for the period from January 1, 1914, to January 1, 1915. Later they made similar tenders, annually, for the years 1916 to 1920, inclusive.

In December, 1915, the defendant made an entry upon the land and began to cut and remove the timber, over the objection and protest of the plaintiff. This action was thereupon commenced (the exact date not appearing in the record for appeal), for the purpose of having it adjudicated that the defendant had no longer any right, title, or interest in the timber, and for an injunction and damages.

The case was heard by his Honor, Judge Shipp, circuit judge, upon testimony taken, I assume, before him. On January ——, 1923, he filed a decree sustaining the plain-

tiff's contention, enjoining the defendant permanently, and awarding $25 damages to the plaintiff,

The contention of the defendant is that, assuming the power of the court to determine what was a reasonable time within which the grantee had to commence cutting, the fixation of that period simply marked the date from which the grantee's right of 10 year's time within which to remove the timber under the contract began to run, and that within that period it had the right of a further extension of 10 years, upon complying with the provisions of the contract. In other words, that the grantee had 10 years from the expiration of a reasonable time to commence cutting within which to remove the timber, or to secure an extension for another 10-year term.

The contention of the plaintiff, on the other hand, is that, if the defendant did not commence cutting within a reasonable time from the date of the contract, as fixed by the court, that limit of time should not simply mark the date for the beginning of the 10 year period, as above indicated, but that all rights under the contract, including the 10 year contract right to remove, and the 10-year contract right of extension, should terminate as forfeited.

The circuit judge adopted the contention of the plaintiff. He finds that "the defendant had lost all right to cut the timber by failing to commence to cut and remove it within a reasonable time. * * * The tender would have to be made within such time as would be fixed as reasonable to commence to cut and remove the timber. * * * Much more than a reasonable time to commence to cut and remove the timber had elapsed before the tender was made in 1913;" emphasizing his view that the defendant did not have the right, as I think it did, to an allowance of 10 years from the expiration of a reasonable time for commencing the cutting within which to remove the timber, and that at any time within that period to secure an extension of 10 years more

upon the payment of the 6 per cent. provided for in the contract.

While repudiating the defendant's contention in this respect, with which contention I agree, he adds:

"Even if the law was as contended for by the defendants, they failed to make the tender within a reasonable time, or within a reasonable time plus the definite period of ten years fixed by the contract."

This last finding contains an implication that more than a reasonable time for commencing to cut had expired on December 16, 1903, 10 years before the tender was made on December 16, 1913; in other words that the time elapsed between the date of the contract January —— 1899, and December 16, 1903, not quite 5 years, was more than a reasonable time to commence the cutting, although there is no distinct ruling in the decree as to what was such reasonable time.

My position is this: The grantee had 10 years within which to cut and remove the timber; the starting point of this period under the contract is indefinite —— "from the time they commence cutting our timber." The court has the right to resolve that indefiniteness by fixing what was a reasonable time for commencing the cutting. That fixes the starting point of the 10-year period. A failure to begin cutting within that reasonable time, does not forfeit the grantee's right under the contract. They can be forfeited only by the grantee's failure to cut and remove within the 10 years dating from the period fixed by the court.

The following proposition appears to be conceded on all sides: Where a deed conveying timber rights contains no definite limit of time within which the timber is to be removed, and there is no controlling stipulation in the deed granting the right to remove in perpetuity, the law will imply from the contract a condition that the removal must be accomplished within a reasonable time; or as very clearly expressed by another:

"Where the contract is silent as to the time within which the timber shall be removed, an implication arises that such right is to be exercised within a reasonable time from the date of the sale; and a failure to do so works a termination of the interests of the vendee in the timber."

This proposition, however, is not at all controlling upon the lease involved in this case. It is a reasonable deduction from it, but adapted to a very different condition, that where the contract provides for a definite period for cutting and removing, but is silent as to the starting point of that period, or expresses it in an indefinite form, the court may adjudicate what should be a reasonable time at which the period is to begin.

The contract allows the grantee 10 years within which to cut and remove the timber, Naturally, the mental impulse is to look to the contract to ascertain when that 10-year period is to begin. Does it begin from the date of the contract or within a specified time? If either, the problem would be easily solved. But the contract is but an echo of the question, and answers the inquiry in the most indefinite manner—"ten years from the time they commenced cutting the timber." The parties, it must be assumed, understood that it could not then be determined and intentionally left that matter open for future settlement. It was an unfortunate relegation of a most important element of the contract to confidence in the fairness of the other party, a species of imperfect obligation which invariably produces a controversy. At once the grantee takes the position that he is not bound to commence within any other time than suits his sweet will, that he can postpone operations indefinitely, still retaining his contract right to 10 years for cutting and removing. The law, however, takes a sensible and just view of the matter, and denies to the grantee the right to indefinitely and unreasonably postpone a starting point of the 10-year period, and makes that certain which the contract has left uncertain by fixing what that starting point

should be, the expiration of a reasonable time from the date
of the contract for the cutting to commence.  It does not
set out to adjudicate within what time the grantee shall be
allowed to cut and remove the timber—the contract fixes
that; but it proposes merely to fix the starting point for
the 10-year period.

Reading, then, into the contract this condition which the
law makes a part of it, the contract would read thus:

"The said grantee to have 10 years from the time he
commences to cut our timber, to cut and remove the same,
it being a part of this agreement that the starting point of
this period shall be the expiration of such a reasonable time
within which to commence cutting as may be adjudicated by
the court, and, if at the end of that time they haven't re-
moved said timber, then by payment of 6 per cent.  upon
the purchase price, they can have 10 years longer to cut
the same."

This would not affect at all the time allowed for cutting
and removing the timber except to fix the·starting point
at which the 10-year period shall begin to run—all that the
court set out to do, and all that it has the right to do under
the terms of the contract.  To declare that, because the
court has the right to fix this starting point, indeterminate by
the contract, it has the right in doing so to declare that, if
the grantee does not begin to cut within such reasonable
time, he shall forfeit all rights under the contract, is to
make the court's fixation serve a purpose not intended.

To illustrate:  Suppose the court should adjudicate that
three years was a reasonable time to commence cutting.
The contract is dated 1899.  The reasonable time would
expire in 1902.  The grantee would have 10 years or until
1912 to cut and remove, if he began promptly in 1902.  If
he did not begin until 1905, three years of his 10 would have
expired, and his term would be reduced to seven years; if he
did not begin until 1911 he would have only one year left.
Under this contract the grantee was not obliged actually to

begin cutting within 10 years from the expiration of the adjudicated reasonable time to commence. It had the right, within that period, to pay interest and secure an extension of 10 years.

The contract having been executed in 1899, and the tender made in 1913, the question whether or not the defendant secured the right to the 10-year extension depends upon the court's adjudication of what was a reasonable time from the date of the contract within which to commence cutting. Dating back 10 years from the tender of December 16, 1913, carries the time to December 16, 1903, and, the contract having been executed in January, 1899, the time elapsed between January, 1899, and December, 1903, would be practically five years. The question necessary for decision upon the defendant's right to extension is whether or not 5 years was a reasonable time within which to commence cutting. I find in the decree no adjudication of this question, and in my opinion the circuit judge having proceeded upon an erroneous theory of the law, the case should be remanded for an adjudication of the above issue; and with the declaration and this Court that, if the Circuit Court should adjudicate that 5 years was not an unreasonable delay for the commencement of the cutting, the defendant was within its rights to secure an extension by making the tender in 1913.

In determining what would be a reasonable time to be allowed for commencing to cut the timber, all of the facts and circumstances of the case, and the conditions surrounding the parties at the time of the execution of the contract, should be considered.

I may say, in connection with the general subject, that in my opinion the rule applied to contracts for the sale of timber, where no time is fixed for the removal, requiring the grantee in all cases to remove the timber within a reasonable time, has been too broadly stated. It would be subject to this qualification: Where the situation of the parties,

and the circumstances surrounding them at the time the contract is executed, are such as to show that the severance of the timber from the soil was contemplated as nearly a unit of operation as practicable, or that it was the intention of the parties as disclosed by the contract that there should be some limit, the rule is entirely just.   But circumstances may exist which justify the conclusion that a sale in perpetuity was contemplated.   If the owner of a tract of land upon which there was no timber at all should contract with the owner of an adjoining tract upon which there was a large quantity, for all the timber that he might need for firewood, fencing, and lumber, not expecting or intending to remove it at practically one time, but to preserve the right in perpetuity, as an adjunct to his timberless tract, I know of no law that would prevent such a contract, or fix a period reasonable or otherwise, within which the grantee must remove the timber. The implication by the law of the limitation of a reasonable time for removing the timber is perfectly justifiable, however, under certain circumstances; as, for instance, where the grantee is a lumber corporation, engaged in the business of manufacturing lumber and the situation of the parties and the terms of the contract indicate that it was their intention that the right should not be in perpetuity, but should be exercised within some limit. See an interesting discussion of the matter in *Wilson v. Branham,* 131 Va. 364, 109 S. E., 189, where Judge Saunders handles it in a masterful manner.

I think, therefore, that the decree should be reversed and the case remanded to the circuit court, for the purpose of determining, as a matter of fact, what would have been a reasonable time from the date of the contract within which this grantee should have commenced to cut this timber; when that period shall have been adjudicated, its expiration shall mark the starting point for the 10-year period within which by the contract the grantee was permitted to cut and remove the timbers; and if within that period the grantee

complied with the conditions of the contract for a further extension of 10 years, its right now to cut and remove within that extended period is unimpaired. If, however, at the time the grantee tendered the interest for the extended period, 10 years had expired, dating from the expiration of the reasonable time to commence cutting, the grantee will have lost all rights under the contract.

MR. JUSTICE MARION concurs.